UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND D. ELLIOTT,<br><br>    Petitioner,<br><br>vs.<br><br>SOUTH DAKOTA SEVENTH CIRCUIT COURT,<br><br>    Respondent. | 5:18-CV-05029-JLV<br><br><br>ORDER FOR SERVICE |

  Petitioner, Raymond D. Elliott, an inmate at the Rapid City Minimum Unit in Rapid City, South Dakota, has filed a petition for writ of mandamus. See Docket No. 1. From the writ and other materials Mr. Elliott has filed, the court concludes he was convicted of aggravated assault in South Dakota state court and sentenced on March 28, 2017, to four years' imprisonment. See Docket No. 1-4. Mr. Elliott seeks to collaterally attack his state court conviction. See Docket No. 1. He also seeks an order from this court setting him free from his present incarceration. See Docket Nos. 1 & 4.

  The court previously sent Mr. Elliott a form for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and asked him to fill out the form. See Docket No. 5. Mr. Elliott subsequently sent a letter indicating that he would like to pursue a writ because of his advanced age (83) and his perception that he might receive his requested remedy sooner through a writ. See Docket No. 6.

  The Eighth Circuit states categorically that the exclusive vehicle for habeas relief for prisoners in the custody of a *state* is 28 U.S.C. § 2254. See

Singleton v. Norris, 319 F.3d 1018, 1022-23 (8th Cir. 2003); Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001). "A person in custody pursuant to the judgment of a State court" can only obtain habeas relief through § 2254, no matter how his pleadings are styled. Crouch, 251 F.3d at 723. "Prisoners cannot avoid the . . . rules [governing federal habeas remedies] by inventive captioning . . . [T]he name makes no difference. It is substance that controls." Curry v. United States, 507 F.3d 603, 604 (7th Cir. 2007). Thus, despite the caption of Mr. Elliott's pleading as a "writ of mandamus," the fact is that he is seeking to invalidate his state court conviction and be freed from incarceration at the hands of the state. That is quintessential habeas relief. Thus, 28 U.S.C. § 2254 is the sole applicable source of remedy. Singleton, 319 F.3d 1022-23; Crouch, 251 F.3d at 723; Curry, 507 F.3d at 604. The court therefore construes Mr. Elliott's application for a writ of mandamus to be, in fact, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

There are a number of procedural rules that apply to an application for habeas relief by a state prisoner under § 2254. Chief among them is the doctrine of state court exhaustion, which limits federal habeas review of state court convictions as follows:.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>     (A) the applicant has exhausted the remedies available in the courts of the state; or
>     (B)   (i) there is an absence of available State corrective process; or
>           (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> * * *

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

See 28 U.S.C. § 2254(b) and (c). The above codifies what was previously a judicial doctrine of exhaustion.

A federal court may not consider a claim for relief in a habeas corpus petition if the petitioner has not exhausted his state remedies. See 28 U.S.C. § 2254(b). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted. Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991). The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518 (citation omitted). The exhaustion rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court. Federal courts should, therefore, dismiss a

petition for a writ of habeas corpus that contains claims that the petitioner did not exhaust at the state level.  See 28 U.S.C. § 2254; Rose, 455 U.S. at 522.  The exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist."  Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995).

A federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context.  Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992).  "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding."  Id.  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845.  "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim."  Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

This federal court has reason to believe the claims Mr. Elliott presents in his pleadings herein have not been exhausted in state court.  Mr. Elliott refers to signing a document dismissing his direct appeal from his conviction.  See Docket No. 1.  He has also provided this court with copies of pleadings in the nature of habeas relief which he is concurrently filing in state circuit court.  See Docket Nos. 6-1 & 6-2.  Accordingly, it would appear the claims Mr. Elliott

4

has presented to this court have not been presented and fully adjudicated in state circuit court and the South Dakota Supreme Court.

Based upon the record,

IT IS ORDERED

(1) that the Clerk of Court is directed to serve upon the respondent and the Attorney General of the State of South Dakota a copy of document numbers 1, 3, 4, 5 and 6, and this order;

(2) that respondent will file and serve a response to the petition within thirty (30) days after receipt of this order. Respondent shall also file the complete state court records in Mr. Elliott's state court case, as well as any and all state habeas cases.

IT IS FURTHER ORDERED

That both respondent and Mr. Elliot shall show cause no later than July 2, 2018, why Mr. Elliott's petition should not be dismissed without prejudice for failure to present his claims to the state courts first and to exhaust his remedies before the circuit and supreme courts of the state of South Dakota.

**Mr. Elliott is notified that failure to respond to the above order to show cause may result in dismissal of his petition in this court.**

DATED this 25th day of May, 2018.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge